# United States District Court
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BILLY SCHOPPE and CANDACE MARIE SCHOPPE | § § § | |
| v. | § § | CIVIL ACTION NO. 3:17-CV-2099-S-BK |
| SPECIALIZED LOAN SERVICING, LLC and DEUTSCHE BANK NATIONAL TRUST COMPANY | § § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Specialized Loan Servicing, LLC and Deutsche Bank National Trust Company's Motion for Summary Judgment [ECF No. 61], the Findings, Conclusions, and Recommendation of the United States Magistrate Judge [ECF No. 70], and Plaintiffs Billy Schoppe and Candace Marie Schoppe's Objection to Magistrate's Recommendation [ECF No. 71]. For the following reasons, the Court accepts the Findings, Conclusions, and Recommendation, accepts the new evidence submitted in Plaintiffs' Objection, and grants in part and denies in part Defendants' Motion for Summary Judgment.

## I.  BACKGROUND

Plaintiffs Billy Schoppe and Candace Marie Schoppe ("Plaintiffs") brought this action against Specialized Loan Servicing, LLC and Deutsche Bank National Trust Company ("Defendants") in their fourth attempt to "avoid the foreclosure of their home," for breach of contract, common law usury, and tortious indifference. ECF No. 70 ("R. & R.") at 1 & n.1 (citing, among other pleadings, ECF No. 1 at 13-20). On June 28, 2019, Defendants filed a motion for summary judgment, which the United States Magistrate Judge (the "Magistrate Judge") recommended granting in its entirety on October 28, 2019. *See id.* at 8. With regard to the common law usury claim, which is presently at issue, the Magistrate Judge: (1) disagreed with Defendants

that the economic-loss doctrine barred the claim, *see id.* at 5 (citations omitted); (2) disagreed with Defendants that Plaintiffs' failure to give notice required by the Texas Finance Code barred Plaintiffs' common law usury claim, *see id.* at 5-6 (citing *In re Kemper*, 263 B.R. 773, 783-84 (Bankr. E.D. Tex. 2001)); and (3) disagreed with Defendants that Plaintiffs' claim failed because Plaintiffs have not demonstrated that they paid a usurious amount, *see id.* at 6 (citing *Danziger v. San Jacinto Sav. Ass'n*, 732 S.W.2d 300, 304 (Tex. 1987)). However, the Magistrate Judge recommended granting summary judgment as to the common law usury because Plaintiffs submitted no more than a conclusory affidavit, *see* ECF No. 66 at 3-11 ("Schoppe's First Affidavit"), to show that they were charged a usurious rate. *See* R. & R. 7 (citing *Koerner v. CMR Const. & Roofing, LLC*, 910 F.3d 221, 227-28 (5th Cir. 2018)).

Defendants did not object to any portion of the Findings, Conclusions, and Recommendation. Plaintiffs, however, timely filed their objections, challenging only the Magistrate Judge's recommendation that the common law usury claim should be dismissed. *See* ECF No. 71 ("Obj."). Along with the Objection, Plaintiffs submitted ten exhibits demonstrating the allegedly usurious rate. *See id.* ¶ 10 & Exs. 3-10. Defendants filed their Response on November 25, 2019, *see* ECF No. 72 ("Resp."), and the Objection is now ripe for the Court's review.

## II. ANALYSIS

The Court reviews *de novo* any portion of the findings, conclusions, and recommendation of the United States Magistrate Judge that is the subject of a timely objection by any party. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b) (requiring objections to be filed within fourteen days of the findings and recommendations). As for the portions as to which no objection was filed, the Court reviews such portions only for plain error. *See Douglass v. United States Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996). Here, neither party objected to the Findings,

2

Conclusions, and Recommendation as to Plaintiffs' breach of contract and tortious indifference claims. *See* R.& R. 3-4, 7-8. The Court reviewed these findings for plain error and, finding none, adopts the Magistrate Judge's Findings, Conclusions, and Recommendation as the findings of this Court. Consequently, the Court grants Defendants' Motion for Summary Judgment as to Plaintiffs' breach of contract and tortious indifference claims.

However, Plaintiffs objected to the Magistrate Judge's recommendation as to their common law usury claim. *See generally* Obj. Plaintiffs do not contend that the Magistrate Judge erred in her analysis of the law or the facts, but seek to supplement the record with additional evidence in support of their claim. *See id.* ¶¶ 10-14. Defendants, on the other hand, did not object to the Findings, Conclusion, and Recommendation, but urge the Court not to accept the newly filed evidence. *See* Resp. ¶¶ 4-10. For the following reasons, the Court finds that the newly filed evidence should be accepted and denies Defendants' Motion for Summary Judgment as to the common law usury claim.

### A. *New Evidence*

"In this circuit, when objecting to a magistrate judge's report and recommendation on summary judgment, litigants must submit additional evidence for the district court's de novo review [but] the district court has discretion to determine whether, in light of all pertinent circumstances, the new evidence should be accepted." *Smith v. Palafox*, 728 F. App'x 270, 276 (5th Cir. 2018) (alteration in original) (quoting *Davis v. Fernandez*, 798 F.3d 290, 292 (5th Cir. 2015)). As the Fifth Circuit explained:

> [A] party has a duty to put its best foot forward before the Magistrate Judge—i.e., to spell out its arguments squarely and distinctly—and, accordingly, that [] party's entitlement to de novo review before the district court upon filing objections to the Report and Recommendation of the Magistrate Judge does not entitle it to raise issues at that stage that were not adequately presented to the Magistrate Judge[.]

*Id.* (alteration in original) (quoting *Cupit v. Whitley*, 28 F.3d 532, 535 n.5 (5th Cir. 1994)). In determining whether to exercise its discretionary authority to consider new evidence, the district court considers:

> (1) the moving party's reasons for not originally submitting the evidence; (2) the importance of the omitted evidence to the moving party's case; (3) whether the evidence was previously available to the non-moving party when it responded to the summary judgment motion; and (4) the likelihood of unfair prejudice to the non-moving party if the evidence is accepted.

*Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 862 (5th Cir. 2003) (citing *Freeman v. Cty. of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998)).

In the present case, Plaintiffs have not justified their failure to present the financial statements supporting their common law usury claim before the Magistrate Judge, and have not argued that these documents were not previously available to them. *See* Obj. ¶¶ 10, 13-14. However, these financial statements are essential to Plaintiffs' common law usury claim. *See Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 438 (5th Cir. 2004) (explaining that, to establish a usury claim, a plaintiff must prove "the exaction of a greater compensation than allowed by law for the use of the money by the borrower" (quoting *First Bank v. Tony's Tortilla Factory, Inc.*, 877 S.W.2d 285, 287 (Tex. 1994))). In fact, the Magistrate Judge recommended granting summary judgment as to the common law usury claim solely because this evidence was absent from the record. *See* R. & R. 5-7. Thus, the importance of the omitted evidence is significant, because the record is now sufficient to deny summary judgment as to this claim, as is explained in detail below. Moreover, Defendants will not suffer any "unfair prejudice,"[1] *Performance Autoplex*, 322 F.3d at

---

[1] Defendants have not identified any prejudice that they would suffer if the Court were to accept the new evidence aside from arguing that it would "delay resolution of this matter." Resp. ¶ 8. The Court, however, finds that the evidence is necessary for a just resolution of this dispute. *See Davis*, 798 F.3d at 294 (indicating that judicial discretion is "what is right and in the interest of justice" (quoting *Commercial Credit Corp. v. Pepper*, 187 F.2d 71, 75 (5th Cir. 1951))).

4

862, because, but for Plaintiffs' oversight, the Court would have denied summary judgment as to the usury claim. *Cf. Wright v. Smith*, 737 F. App'x 183, 186 (5th Cir. 2018) (finding that a defendant did not suffer prejudice where "[t]he substance of [plaintiff's] testimony did not change"). Accordingly, the Court finds that, in light of all pertinent circumstances, Plaintiffs' new evidence should be accepted.

### B. *Evidence of a Usurious Amount*

The Court grants "summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

In the present case, Defendants argued that Plaintiffs' common law usury claim failed because: (1) the common law usury claim is barred by the economic loss doctrine; (2) Plaintiffs did not provide Defendants with requisite notice; (3) Plaintiffs have not demonstrated that they tendered any funds to Defendants pursuant to the usurious rate; and (4) Plaintiffs did not establish all of the elements of the claim. *See* Mot. for Summ. J. ¶¶ 15, 27, 30-31, 37. The Magistrate Judge rejected Defendants' first three arguments, *see* R. &. R. 5-6, and Defendants did not object to the Magistrate Judge's findings. Accordingly, the Court reviewed these findings for plain error and, finding none, adopts the Findings, Conclusions, and Recommendation as the findings and conclusions of this Court. *See Douglass*, 79 F.3d at 1417.

Thus, the only issue that remains is whether Plaintiffs submitted sufficient evidence to show that Defendants exacted "a greater compensation than allowed by law for the use of the money by the borrower." *Lovick*, 378 F.3d at 438 (quoting *Tortilla Factory, Inc.*, 877 S.W.2d at

5

287); R. & R. 6-7 (finding that only this element was not satisfied by competent evidence). Plaintiffs' newly filed financial statements appear to demonstrate that, although the monthly payment on the debt was to be $5,529.26 with an annual interest rate of 6.125%, *see* ECF No. 61-1 at 7, Defendants charged Plaintiffs monthly payments of $30,064.22, *see* Obj. Ex. 3-10. This alleged 443.7295% increase in the monthly payment thus results in an interest rate that would grossly exceed the interest rate allowed by law. *See, e.g.*, TEX. FIN. CODE ANN. § 302.001(b) (providing that a default maximum interest rate is 10%). Accordingly, viewing the evidence and drawing all reasonable inferences in the light most favorable to Plaintiffs, the Court finds that Plaintiffs submitted sufficient evidence demonstrating that Defendants exacted an usurious interest rate to survive summary judgment. Consequently, the Court denies Defendants' Motion for Summary Judgment as to the common law usury claim.

### III. CONCLUSION

For the reasons discussed above, the Court accepts the Findings, Conclusions, and Recommendation, accepts the new evidence submitted in Plaintiffs' Objection, grants Defendants' Motion for Summary Judgment as to Plaintiffs' breach of contract and tortious indifference claims, and denies Defendants' Motion as to the common law usury claim.

**SO ORDERED.**

SIGNED March 9, 2020.

*[signature]*

KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE